THE STATE v. BUTLER.

1. WITNESS—COUNSEL—EVIDENCE.—The right to refuse to answer a question that would criminate him, is personal to the witness, and cannot be interposed by defendants' counsel.
2. CHARGE.—The charge of a Circuit Judge must be construed as a whole, and so construed, the defendants have nothing to complain of here.

Before EARLE, J., Anderson, February, 1896. Affirmed.

Indictment against F. M. Butler and F. M. Fowler for maintaining a nuisance. The defendants were found guilty, sentenced, and appealed.

*Messrs. Bonham & Watkins*, for appellants, cite on first point: Green. Ev. (15 ed.), sec. 451; Dispensary Law, 1894, sec. 1; Black on Intoxicating Liquors, 381; Dispensary Law, 1896. On second: Const., 1895, art. 5, sec. 26.

*Solicitor Ansel*, contra, filed no argument.

July 9, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement of facts appears in the "Case:"

1. The defendants were tried at February (1896) term of the Court of General Sessions for Anderson County, on the charge of keeping a nuisance, a place where liquors are sold, bargained or given away, and keeping a place where persons are permitted to resort for the purpose of drinking alcoholic liquors, and for keeping a place where alcoholic liquors were kept for sale, barter or delivery.

2. Upon the trial, defendants' counsel requested the presiding Judge to instruct the witnesses for the State that they were not obliged to answer this question: "Have you at any time bought any intoxicating liquors from the defendants?" for the reason that if they answered the said question in the affirmatiue, they would criminate them-

selves, inasmuch as the act of the Legislature known as
the dispensary law makes it a misdemeanor to receive or
accept any spirituous, malt, vinous, fermented, brewed
(whether lager or rice beer) or other liquors, or any com-
pound or mixture thereof, by whatever name called or
known, which contains alcohol, and is used as a beverage,
by any person, firm or corporation. The presiding Judge
refused the motion, on the grounds that, first, defendants'
counsel had no right to prefer the request on behalf of the
State's witnesses; and, second, because the witnesses would
not criminate themselves even if they answered that they
had bought such liquors. Defendants excepted to the ruling.

3. The defendants were convicted. A motion for a new
trial was made on the minutes of the Court, and refused.
The defendants were sentenced, and appealed to this Court
on exceptions, the first of which is as follows: "Because his
Honor, the presiding Judge, erred in refusing to instruct
the witnesses for the State that they were not obliged to
answer this question propounded by the solicitor, viz: 'Have
you at any time bought any intoxicating liquors from the
defendants?' for the reason that if they answered the said
question in the affirmative, they would criminate them-
selves, inasmuch as the act of the Legislature known as the
dispensary law makes it a misdemeanor to receive or accept
any spirituous, malt, vinous, fermented, brewed (whether
lager or rice beer) or other liquors, or any compound or
mixture thereof, which contains alcohol, by whatever name
called or known, and is used as a beverage, by any person,
firm or corporation."

The first objection to the request of defendants' counsel
is, that it would make the presiding Judge assume that an
affirmative answer by the State's witnesses would
criminate them, whereas the witnesses themselves
have the right to decide as to the effect of their
answer. *State* v. *Edwards*, 2 N. & McC., 13. But, waiv-
ing this objection, the right to refuse to answer a question
that would criminate him is personal to the *witness*, and

cannot be interposed by the defendants' counsel.  Gr. on Evidence, sec. 451; *State* v. *Edwards*, *supra;* Enc. of Law, vol. 29, page 843.  This exception is, therefore, overruled.

The second exception is as follows: "Because his Honor erred in saying to the jury, 'The defendants have no right to expect the jury to perjure themselves, if they have to perjure themselves, to acquit them,' no such plea having been made by the defendants or their counsel, and the only reference to public sentiment and its effect upon the dispensary law having been made by the State's attorney; and his Honor should have granted the motion for new trial made upon this ground, for it will hardly be denied that such a remark falling from the lips of the presiding Judge would prejudice the defendants with the jury." That part of his Honor's charge in which the language mentioned in the exception is found is as follows: "Now, something has been said about sentiment.  You are not to be influenced by public sentiment; if every man in Anderson County were opposed to the dispensary law, it is your duty to find a verdict of guilty, if the evidence satisfies you beyond a reasonable doubt that the defendants are guilty.  On the other hand, if every man in Anderson County believes them guilty, it will be your duty to find them not guilty, if you are so satisfied from the evidence.  You are not to allow your minds to be embarrassed one way or another, whether for or against the law.  The defendants have no right to expect the jury to perjure themselves, if they have to perjure themselves, to acquit them."  The charge of the presiding Judge must be construed as a whole, and, when so construed, there is nothing showing that the defendants were prejudiced by the language mentioned in the exception, and it is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.